■ KRESIMIR SOVULJ, Appellant, v PROCIDA REALTY AND CONSTRUCTION CORP. OF NEW YORK et al., Defendants, and SEVENTEEN DEVELOPMENT, LLC, et al., Respondents. (And a Third-Party Action.) [11 NYS3d 23]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered November 25, 2013, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff was injured when a grinder he was using to cut a groove in a floor kicked back on him, cutting his hand and wrist. Plaintiff admitted that he was using the grinder in a manner inconsistent with its recommended use, in that he had placed a sawtooth blade in the grinder and removed the grinder's safety guard to make the blade fit.

The motion court correctly determined that under these circumstances, defendants were not liable for plaintiff's injuries. Plaintiff alleged defendants' liability under Labor Law § 241 (6), predicated on a violation of 12 NYCRR 23-1.12 (c). It is well settled that that section of the code does not pertain to the power tool plaintiff was using (*see e.g. Conforti v Bovis Lend Lease LMB, Inc.*, 37 AD3d 235, 236 [1st Dept 2007]).

Plaintiff also alleged defendants' liability under Labor Law § 200, however, the record demonstrates that defendants did not supervise or control plaintiff's work (*Suconota v Knickerbocker Props., LLC*, 116 AD3d 508, 508 [1st Dept 2014]). Here, the decision to remove the grinder's safety guard was solely plaintiff's own.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Saxe, Manzanet-Daniels, Feinman and Gische, JJ.